IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOSEPH GREGORY CASH,                )
                                    )
    Plaintiff,                      )
                                    )   Case No: 7:16cv00192
v.                                  )
                                    )
MAGIC CITY MOTOR CORPORATION,       )
                                    )
Serve:                              )
Registered Agent Penny M. Burch     )
809 Williamson Road                 )
Roanoke, VA 24016                   )
                                    )
    Defendant.                      )

## COMPLAINT

The above-named Plaintiff, Joseph Gregory Cash ("Mr. Cash" or "Plaintiff"), by counsel, states as his Complaint against Defendant Magic City Motor Corporation ("Magic City" or "Defendant"), the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Americans with Disabilities Act and the ADA Amendments Act of 2008 (P.L. 110-325) codified as amended under Title 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA").

2. Due to its contacts within the Commonwealth of Virginia, Magic City avails itself to the jurisdiction of this Court.

3. Venue is appropriate as the acts and/or omissions of Magic City from which the

1

causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. §1391(b)(2).

4. As it relates to his ADA claims, Mr. Cash timely filed his charge with the Equal Employment Opportunity Commission ("EEOC"). Mr. Cash received a Dismissal and Notice of Rights communication from the EEOC dated January 27, 2016. Mr. Cash files this action within ninety (90) days of receipt of that notice.

## II. FACTUAL BACKGROUND

5. Plaintiff Mr. Cash is a resident of Roanoke, Virginia.

6. Magic City is incorporated in the Commonwealth of Virginia and maintains its business locations within the Commonwealth of Virginia. Magic City maintains several automotive dealerships that sell automobiles and also provide service and repairs to automobiles.

7. Magic City was an "employer" of Mr. Cash, as that term is defined under the ADA and, at all times relevant to the Complaint, employed fifteen (15) or more employees.

8. Mr. Cash worked for Magic City at two different times. He first worked for Magic City at the Magic City Roanoke, Virginia facility from approximately September of 2010 through August of 2013, as a Service Director. He then left for alternate employment.

9. Mr. Cash was rehired by Magic City on April 19, 2015. At this time, Mr. Cash was hired as a Service Advisor and worked at Magic City's Lexington, Virginia location.

10. Mr. Cash was a model employee and received positive work performance feedback throughout the duration of his employment.

11. Mr. Cash was compensated by Magic City in the amount of $1,250.00 per week, approximately $60,000 per year, plus other benefits.

12. On May 17, 2015, a day Mr. Cash was not working, he began hemorrhaging and felt ill. Mr. Cash immediately visited an urgent care facility.

13. Mr. Cash contacted his supervisor, Brad Bohmer, at Magic City and informed Mr. Bohmer of his [Mr. Cash's] medical situation and requested leave for Monday, May 18, 2015 to see a physician.

14. Mr. Bohmer agreed to Mr. Cash's leave request.

15. From May 18, 2015, until June 8, 2015, Mr. Cash was released from work by his physician.

16. During this time, Mr. Cash was diagnosed with a bleeding ulcer, a recognized "disability" pursuant to the ADA, and required endoscopic surgery and various tests for this chronic condition.

17. At all times relevant, Magic City believed Mr. Cash to have a disability pursuant to the ADA.

18. At all times relevant, Mr. Cash and his spouse continuously communicated, per office policy, with another supervisor, Jay Zane, regarding Mr. Cash's condition, medical appointments, and status of leave.

19. On or around June 9, 2015, Mr. Cash reported for work and presented a note to

Magic City Human Resources representatives from his physician. This June 5, 2015 note provides that Mr. Cash was "still recovering from an upper GI bleed. He is anemic. Please allow Pt to work in Rke [Roanoke] or ½ days until better."

20. Mr. Cash was summarily summoned to the office of supervisor Jay Zane who angrily demanded "What happened?" to Mr. Cash.

21. Mr. Cash expressed confusion because he had kept Mr. Zane continuously informed and did not know what Mr. Zane meant by his antagonistic inquiry.

22. Mr. Zane proceeded to tell Mr. Cash that Mr. Zane would immediately replace Mr. Cash's position in Lexington, Virginia.

23. Prior to his medical leave, in Lexington, Mr. Cash had been paid a guaranteed base salary of $1,250.00 per week. Mr. Zane informed Mr. Cash that Mr. Cash would now work at the Roanoke location, but that the $1,250.00 per week would only last a month, at which time Mr. Cash's pay would decrease.

24. Mr. Zane demonstrated his discriminatory animus regarding disabilities and the use of medical leave when he referenced a prior surgery that Mr. Cash had undergone during his first stint of employment at Magic City, stating accusingly to Mr. Cash, "You were also out for a long time in April of 2012 for your hip replacement."

25. On June 11, 2015, just two days later, Mr. Zane approached Mr. Cash and informed Mr. Cash that Mr. Cash's salary was now reduced to $800.00 per week, a 36 percent reduction in salary, effective immediately and effective permanently.

26. Mr. Cash had a phone conversation with Mr. Zane in which Mr. Cash requested

4

to return to work at the Lexington store after his condition improved and to return to his previous salary. Mr. Zane denied these requests and insisted that the reduced salary was permanent and similarly, should Mr. Cash improve, he would remain in the Roanoke location.

27. Mr. Cash worked for another week at Magic City but he soon realized that he could not make ends meet, given his significantly reduced salary.

28. Mr. Cash was constructively discharged from Magic City on or around June 19, 2015.

29. Upon information and belief, no business-related legitimate reason justified the actions taken against Mr. Cash. The determination to permanently significantly reduce Mr. Cash's salary and permanently transfer his work location were pretextual, and directly related to the Magic City's intent to discriminate/retaliate against Mr. Cash due to his disability.

30. The short temporal proximity between the time that Mr. Cash advised Magic City supervisors/human resources of his disability and his constructive discharge from employment supports Mr. Cash's claims for discrimination and retaliation.

31. Additionally, because Mr. Zane's actions were taken within the scope of his employment, Magic City is responsible for the actions of Mr. Zane, a supervisory employee, based on the doctrine of *respondeat superior*.

32. Magic City violated the ADA by discriminating against Mr. Cash, failing to accommodate Mr. Cash's disability, retaliating against Mr. Cash and constructively

5

discharging Mr. Cash.

## COUNT I: CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADA

33. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

34. At all times relevant to the Complaint, Mr. Cash was a qualified individual with a disability under the ADA. Specifically, Mr. Cash suffered from a bleeding ulcer.

35. At all times relevant to the Complaint, Mr. Cash could perform the essential functions of his job as a Service Advisor with or without an accommodation.

36. Prior to Mr. Cash's temporary leave of absence and, at the time of his constructive discharge, Mr. Cash was performing his work at a satisfactory level and meeting or exceeding Magic City's legitimate business expectations.

37. Prior to his constructive discharge, Mr. Cash revealed his disability and asked for a reasonable accommodation related to attendance and leave. Mr. Cash was constructively discharged from employment for revealing his disability.

38. Magic City would not have constructively discharged Mr. Cash or taken the other discriminatory actions against Mr. Cash but for Mr. Cash's disability and/or his request for a reasonable accommodation. Indeed, Mr. Cash's discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon Mr. Cash's disability or request for a reasonable accommodation.

6

39. The permanent reduction in salary and permanent transfer that led to Mr. Cash's constructive discharge were pretextual.

40. As a direct and proximate result of Magic City's actions, Mr. Cash has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

41. At all times material hereto, Magic City engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Mr. Cash so as to support an award of punitive damages.

42. The above-described acts by Magic City and employees of Magic City constitute disability discrimination in violation of the ADA.

## COUNT II: DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADA

43. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

44. At all times relevant to the Complaint, Mr. Cash was a qualified individual with a disability under the ADA. Specifically, Mr. Cash suffered from the physical impairments of a bleeding ulcer. This condition substantially limited Mr. Cash's major life activities of working and his ability to care for himself. In the alternative, Mr. Cash was regarded by his employer as having such impairments.

45. At all times relevant to the Complaint, Mr. Cash could perform the essential functions of his job as a Service Advisor with or without an accommodation.

46. Prior to Mr. Cash's constructive discharge, he was performing his work at a satisfactory level and meeting or exceeding Magic City's legitimate business expectations.

47. Directly prior to his constructive discharge, Mr. Cash revealed his disability to several Magic City supervisory employees. Magic City would not have constructively discharged Mr. Cash or taken other discriminatory actions against Mr. Cash but for Mr. Cash's disability. Indeed, Mr. Cash's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination based upon Mr. Cash's disability.

48. As a direct and proximate result of Magic City's actions, Mr. Cash has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

49. At all times material hereto, Magic City engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Cash so as to support an award of liquidated and/or punitive damages.

50. The above-described acts by Magic City and employees of Magic City constitute a discriminatory discharge in violation of the ADA.

## COUNT III: CLAIM FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

51. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

52. At all times relevant to the Complaint, Mr. Cash was a qualified individual with a disability under the ADA. Specifically, Mr. Cash suffered from a bleeding ulcer.

53. At all times relevant to the Complaint, Mr. Cash could perform the essential functions of his job as a Service Advisor with or without an accommodation.

54. Prior to Mr. Cash's temporary leave of absence and, at the time of his constructive discharge, Mr. Cash was performing his work at a satisfactory level and meeting or exceeding Magic City's legitimate business expectations.

55. Prior to his termination, Mr. Cash revealed his disability and asked for a reasonable accommodation related to attendance and leave.

56. Magic City failed to properly accommodate Mr. Cash in that he was not permitted to take the reasonable accommodation related to attendance and leave. In addition, he was constructively discharged on or around June 19, 2015.

57. Magic City would not have constructively discharged Mr. Cash or taken the other discriminatory actions against Mr. Cash but for Mr. Cash's disability and/or his request and/or need for a reasonable accommodation. Indeed, Mr. Cash's constructive discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination and retaliation based upon Mr. Cash's disability or request or need for a reasonable accommodation.

58. The permanent reduction in salary and permanent transfer that led to Mr. Cash's constructive discharge from employment were pretextual.

59. As a direct and proximate result of Magic City's actions, Mr. Cash has suffered

and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

60. At all times material hereto, Magic City engaged in unlawful, discriminatory, and retaliatory practices with malice or reckless indifference to the federally protected rights of Mr. Cash so as to support an award of punitive damages.

61. The above-described acts by Magic City and employees of Magic City constitute a failure to accommodate in violation of the ADA.

### COUNT IV: CLAIM FOR RETALIATION IN VIOLATION OF THE ADA

62. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

63. At all times relevant to the Complaint, Mr. Cash was a qualified individual with a disability under the ADA. Specifically, Mr. Cash suffered from a bleeding ulcer.

64. At all times relevant to the Complaint, Mr. Cash could perform the essential functions of his job as a Service Advisor with or without an accommodation.

65. Prior to Mr. Cash's leave of absence and at the time of his constructive discharge, Mr. Cash was performing his work at a satisfactory level and meeting or exceeding Magic City's legitimate business expectations.

66. Prior to his constructive discharge, Mr. Cash revealed his disability and asked for a reasonable accommodation related to attendance and leave. Mr. Cash was retaliated against for revealing his disability and requesting this reasonable

accommodation. Mr. Cash was berated, his reasonable accommodations denied, he was permanently transferred, and his salary was permanently significantly decreased

67. Magic City would not have constructively discharged Mr. Cash or taken the other discriminatory/retaliatory actions against Mr. Cash but for Mr. Cash's disability and/or his request for a reasonable accommodation. Indeed, Mr. Cash's discharge from employment occurred under circumstances that raise a reasonable inference of unlawful discrimination and retaliation based upon Mr. Cash's disability or request for a reasonable accommodation.

68. As a direct and proximate result of Magic City's actions, Mr. Cash has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

69. At all times material hereto, Magic City engaged in unlawful and retaliatory practices with malice or reckless indifference to the federally protected rights of Mr. Cash so as to support an award of punitive damages.

70. The above-described acts by Magic City and employees of Magic City constitute retaliation in violation of the ADA.

WHEREFORE, Plaintiff Joseph Gregory Cash prays for judgment against Defendant Magic City Motor Corporation, and for equitable relief, compensatory, liquidated and/or punitive damages, together with prejudgment interest from the date of termination of Mr. Cash's employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

11

Case 7:16-cv-00192-GEC   Document 1   Filed 04/21/16   Page 11 of 12   Pageid#: 11

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

_____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel: 540-283-0802
thomas@strelkalaw.com
leigh@strelklaw.com

*Counsel for Plaintiff*